# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **WARREN E. WHITE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-3606** |
| **GAYLE SLOAN, ET AL.** | **SECTION I/5** |


## ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendants, Elise Burkhalter and the St. Tammany Federation of Teachers and School Employees ("the Union").[1] Plaintiff, Warren White, Jr., opposes the motion.[2] For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

This case arises out of a dispute between plaintiff and defendants concerning the circumstances leading up to plaintiff's resignation from his teaching position at Fontainebleau High School ("FHS"). During the 2006-2007 school-year, plaintiff was a non-tenured teacher employed by the St. Tammany Parish School Board and a member of the Union. Over the course of that year, plaintiff had several meetings with the principal of FHS, Jonny Vitriano, concerning his performance as a teacher. Plaintiff alleges that those meetings were an effort to manufacture a pretext to fire him and that Vitriano was actually engaged in race-based discrimination and harassment.[3]

---

[1] R. Doc. No. 91.
[2] R. Doc. No. 92.
[3] R. Doc. No. 1, para. 11.

On May 23, 2007, FHS informed plaintiff that Vitriano had recommended his termination to the school board. On May 31, 2007, before the school board could act on Vitriano's recommendation, plaintiff resigned his position.

Plaintiff filed this lawsuit in federal court on May 30, 2008.[4] In addition to his race discrimination claims against the school system, plaintiff also alleges that the Union failed to adequately represent plaintiff by failing to appeal the recommendation for termination or file a grievance against Vitriano.

On August 13, 2009, defendants filed this motion for summary judgment arguing that plaintiff's claims against the Union and Burkhalter are time-barred.

*LAW AND ANALYSIS*

I.  **STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

---

[4] R. Doc. No. 1.

(1986). The non-moving party must carry this burden as to each essential element on which it

bears the burden of proof. Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th

Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical

doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by

only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)

(citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such

that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary

judgment may not rest upon the pleadings, but must identify specific facts that establish a

genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all

justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v.

Cromartie, 526 U.S. 541, 552 (1999).

## II.    DISCUSSION

The Union asserts that plaintiff's claims constitute a hybrid action under § 301 of the

Labor Management Relations Act ("LMRA"). A § 301 hybrid claim is comprised of two

separate causes of action, one against the employer and the other against the union. Daigle v.

Gulf State Utilities Co., 794 F.2d 974, 977 (5th Cir. 1986). Under § 301, the employee has a

"federal cause of action against his employer for breach of the collective bargaining agreement."

Id. The second cause of action is against the union for breach of its duty of fair representation.

Id.

Plaintiff's cause of action against the Union is based on its alleged failure to file a

grievance on his behalf in connection with the conduct of Vitriano. He also alleges that it failed

to appeal Vitriano's recommendation for termination.[5]  Plaintiff's claim is a hybrid action under

§ 301because it is a "direct challenge to the private settlement of disputes under the collective

bargaining agreement."  DelCostello v. Teamsters, 462 U.S. 151, 165 (1983) (citations and

quotations omitted).

Hybrid claims are subject to a six-month statute of limitations.  Id. at 171.  Courts in this

circuit have applied the six-month limitation period regardless of whether an employee's duty of

fair representation claim is brought in conjunction with a claim against the employer as part of a

hybrid suit.  See, e.g., Smith v. Int'l Org. of Masters, Mates & Pilots, 296 F.3d 380, 383 (5th Cir.

2002); Landry v. Air Line Pilots Ass'n Int'l, 901 F.2d 404, 411 (5th Cir. 1990).  The statute of

limitations on plaintiff's claim begins to run when the plaintiff either knew or should have

known of the union's breach of its duty of fair representation.  Barrett v. Ebasco Constructors,

Inc., 868 F.2d 170, 171 (5th Cir. 1989).

Plaintiff resigned his position on May 31, 2007.  He did not initiate this lawsuit until May

30, 2008.  Plaintiff does not assert that, subsequent to his resignation, the Union promised to

represent him and then failed to do so.  Therefore, on May 31, 2007, plaintiff either knew or

should have known about the Union's alleged breach of its duty.

Accordingly,

**IT IS ORDERED** that defendants' motion is **GRANTED**.  Plaintiff's claims against

defendants, Elise Burkhalter and the Union, are **DISMISSED WITH PREJUDICE** because

they are time-barred.

---

[5] Plaintiff asserts this is "not a case of unfair representation but a case of no representation."  R. Doc. No. 92, p. 5.
This distinction is not controlling.  Failure to file a grievance can constitute a hybrid action under § 301.  See, e.g.,
Daigle v. Gulf State Utilities Co., 794 F.2d 974 (5th Cir. 1986).

**IT IS FURTHER ORDERED** that defendants' first motion for summary judgment[6] is

**DISMISSED AS MOOT.**


New Orleans, Louisiana, August 26, 2009.


                                   **LANCE M. AFRICK**
                         **UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. No. 64.